IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| STEPHEN M. FONASH, | * | CHAPTER 7 |
|     Debtor | * | |
| | * | CASE NO. 1:08-bk-01856MDF |
| ROBERTA A. DeANGELIS, | * | |
| ACTING UNITED STATES TRUSTEE, | * | |
|     Movant | * | |
| | * | |
|     v. | * | |
| | * | |
| STEPHEN M. FONASH, | * | |
|     Respondent | * | |

## OPINION

Before me is the motion of the United States Trustee ("UST") to dismiss the bankruptcy petition of Stephen Fonash ("Debtor"). The motion invokes 11 U.S.C. § 707(b)(2) as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 ("BAPCPA"). Under § 707(b), granting relief under chapter 7 is presumed to constitute an abuse of the chapter if a debtor's "current monthly income" exceeds his allowable expenses by a statutorily specified amount. The mathematical formula used to calculate current monthly income and allowable expenses is known as the "means test" and is performed by the completion of Official Form 22A, "Statement of Current Monthly Income and Means Test Calculation (Chapter 7)," ("Form 22A").

For certain categories of allowable expenses (e.g. taxes), Form 22A requires a debtor to state his actual expenses amortized over twelve months. For other categories (e.g. food, housing and transportation), it requires him to use amounts specified in guidelines developed by the Internal Revenue Service, which were designed by the Service to determine a taxpayer's ability to repay delinquent taxes. If a debtor's monthly income computed using Form 22A exceeds his

monthly expenses by a certain specified amount, the filing of the chapter 7 case is presumed to be abusive. The presumption of abuse may be overcome only by a showing of "special circumstances" as defined by 11 U.S.C. §707(b)(2)(B)(i). The issue in this case is whether a debtor's student loan obligations, which are unsecured debts not entitled to priority status, may be considered as special circumstances rebutting the presumption of abuse.

## Procedural History

Debtor filed a petition under chapter 7 on May 22, 2008. On Form 22A, he checked the box at the top of the form stating that the filing of his petition was presumed to be abusive. On July 11, 2008, the United States Trustee ("UST") filed the statement required under 11 U.S.C. § 704(b)(1)(A) and reported that after having reviewed materials filed with the petition, Debtor's case should be presumed to be an abuse under § 707(b). As required by § 707(b)(2) the UST filed the motion to dismiss the case that is now before the Court. In his answer to the UST's motion, Debtor asserted that the presumption of abuse was rebutted by the existence of "special circumstances," namely Debtor's student loan payments of $635.00 per month.

While not deductible from disposable income under the calculations required on Form 22A, student loans generally are nondischargeable under § 523(a)(8). Debtor reports in his schedules that he has two outstanding student loans – one in the amount of $20,000.00 owed to ACS Education and the other in the amount of $78,000.00 owed to American Education Services. No further information was provided on the loans other than what appeared on schedule "F."

A hearing on the UST's motion was set for September 8, 2008, at which time the parties appeared and agreed to submit the matter on briefs. No additional evidence or documentation

2

was submitted.  Briefs have been filed, and the matter is ready for decision.[1]

**Factual Findings**

Debtor is single male with no dependents who resides in Lewistown, Pennsylvania.  He is employed as a lecturer in the English department at the Pennsylvania State University, University Park, Pennsylvania at a gross monthly salary of $4,153.50.  His annual salary is $49,842.00, which exceeds the median income for single Pennsylvanians with no dependents ($43,166.00).

Debtor reports the following expenses on Form 22A and on schedules "I" and "J":

|  | **22A** | **SCHEDULES** |
|---|---|---|
| Food and clothing | $507.00 | $275.00 |
| Health care insurance | $ 57.00 | $ 83.27 |
| Health care expenses | $ 30.00 | $ 30.00 |
| Utilities | $408.00 | $460.21 |
| Vehicle operating expenses | $235.00 | $250.00 |
| Vehicle payments | $289.00 | $200.00[2] |
| Federal, state and local taxes | $942.92 | $928.92 |
| Mandatory payroll deductions | $290.94 | $290.94 |
| Debt payment | $858.71 | N/A |
| Home maintenance | N/A | $ 20.00 |
| Recreation and entertainment | N/A | $230.00 |
| Property insurance | N/A | $ 49.91 |
| Auto insurance | N/A | $ 46.41 |
| Student loans | N/A | $635.00 |
| Mortgage | N/A | $633.71 |
| **Total** | **$3,618.57** | **$4,050.10** |

When the expenses on Form 22A are deducted from monthly income, Debtor reports

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334.  This matter is core pursuant to 28 U.S.C. §157(b)(2)(A).  This Opinion constitutes findings of fact and conclusions of law required to be made by Federal Rule of Bankruptcy Procedure ("FRBP") 7052, which is applicable to contested matters pursuant to FRBP 9014.

[2] A motion for relief from stay filed on July 14, 2008 by Penn State Federal Credit Union (PSFCU) reported that Debtor was obligated for payments of $223.02 per month on a 2002 Saturn L300.  On September 23, 2008, an Order was entered granting PSFCU relief from the stay.

$534.93 in disposable income. When the higher expenses listed on schedule "J" are deducted from his monthly income, however, he reports only $103.40 in disposable income. Debtor reports on schedule "F" that he has $155,280.28 in non-priority, unsecured debt.

Other than the schedules, which appear to include estimated amounts, no evidence was presented on the precise amount due on Debtor's student loans on the date that he filed his petition. No evidence was provided as to whether Debtor had sought or obtained deferment or reduction of his student loan debt. No documents executed in connection with the origination of Debtor's student loans were introduced into the record.

## Discussion

Section 707(b)(2)(A)(i) states that a bankruptcy court shall presume that a chapter 7 case is abusive if "the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii) and (iv), and multiplied by 60 is not less than the lesser of – (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or (II) $10,950." To aid in the application of this statutory formula, Judge Wedoff organized the provisions of the statute as follows: (1) after deducting all allowable expenses from a debtor's current monthly income, if a debtor has monthly net income of less than $100.00 there is no presumption of abuse; (2) if a debtor has monthly net income of more than $166.67, then the filing will be presumed to be abusive; and (3) if a debtor has between $100.01 and $166.66 in monthly net income, the presumption of abuse arises if debtor's monthly net income multiplied

4

by sixty will satisfy at least 25% of the debtor's non-priority unsecured debt. *See* Eugene R. Wedoff, *Means Testing in § 707(b)*, 79 Am. Bankr. L.J. 231, 241-42 (2005).

After performing the calculations on Form 22A, Debtor has $534.93 a month in income in excess of his allowable expenses. Therefore, the presumption of abuse arises. In schedule "J," however, Debtor reports that he has only $103.40 available to pay into a plan. If the Court were to determine that Debtor had only $103.40 in available income to commit to a plan, the filing of the petition would not be an abuse because 25% of Debtor's non-priority unsecured debt ($38,820.07) would not be satisfied if Debtor paid $103.40 into a plan over sixty months ($6,204.00). The primary distinction between the disposable income as reported on Form 22A and the monthly net income as stated on schedule "J" is that in calculating the latter amount Debtor deducts his student loan payment as an expense prior to calculating his monthly net income. Form 22A, however, does not allow this deduction.

In *In re Vaughn*, 1-06-bk-00788MDF (Bankr. M.D. Pa. 2007), I determined that Form 22A and not schedule "J" must be used to determine a debtor's disposable income except in extraordinary circumstances. *See also In re Mundy*, 363 B.R. 407 (Bankr. M.D. Pa. 2007) ("Congress' intent to use a standardized or mechanical test and avoid reliance on individualized information as much as possible is demonstrated throughout § 707(b)(2).") (citation and internal quotations omitted). In the instant case, Debtor asserts that there are "special circumstances," as contemplated by § 707(b)(2)(B)(i), which justify the inclusion of additional expenses.

In relevant part, § 707(b)(2)(B) provides as follows:

**(B)(i)** In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the

5

extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

**(ii)** In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide –

**(I)** documentation for such expense or adjustment to income; and

**(II)** a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.

**(iii)** The debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required.

**(iv)** The presumption of abuse may only be rebutted if the additional expenses or adjustments to income referred to in clause (i) cause the product of the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv) of subparagraph (A) when multiplied by 60 to be less than the lesser of –

**(I)** 25 percent of the debtor's nonpriority unsecured claims, or $6,575, whichever is greater; or

**(II)** $10,950.

11 U.S.C.A. § 707(b)(2)(B)(i) - (iv).

Whether special circumstances exists must be decided on a case-by-case basis. *In re Champagne*, 389 B.R. 191, 200 (Bankr. D. Kan. 2008); *In re Zahringer*, 2008 WL 2245864, 3 (Bankr. E.D. Wis.); *In re Turner*, 376 B.R. 370, 378 (Bankr. D. N.H. 2007); *In re Knight*, 370 B.R. 429, 437 (Bankr. N.D. Ga. 2007). Some courts have determined that Congress intended for the phrase special circumstances to set an "extremely high" bar, "placing it effectively off limits for most debtors." *In re Haar*, 360 B.R. 759, 760 (Bankr. N.D. Ohio 2007); *see also In re Martin*, 371 B.R. 347, 352 (Bankr. C.D. Ill. 2007) ("special circumstances" means "uncommon, unusual [or] exceptional . . ."). Other courts interpret the tone of the phrase differently. "The burden to establish special circumstances was not set particularly high, making the presumption truly

6

rebuttable. The standard . . . is special, not extraordinary, circumstances." *In re Champagne*, 399 B.R. at 198. The court in *In re Crego*, 387 B.R. 225, 228 (Bankr. E.D. Wis. 2008) speculated that "[b]eyond the special circumstances expressly described in the statute, i.e., a serious medical condition or active duty in the Armed Forces, 'debtors with lost jobs, domestic relations problems, children in trouble, natural disasters, [and] car wrecks' may qualify." *Id. citing* Keith M. Lundin, Chapter 13 Bankruptcy, 3d Edition § 478.1 (2000 & Supp.2007) ("special circumstances is not as harshly worded as barriers and exceptions elsewhere in the Bankruptcy Code, such as undue hardship under § 523(a)(8)"). "The phrase 'such as' in section 707(b)(2)(B)(i) is not limiting, and the two circumstances listed in the statute are not the only ones that would justify an adjustment." *In re Vaccariello*, 375 B.R. 809, 813 (Bankr. N.D. Ohio 2007). As I will discuss below, I do not find it necessary to align myself in this Opinion with either substantive interpretation because Debtor has failed to carry his burden on procedural grounds.

Under § 707(b)(2)(B), a debtor seeking to show special circumstances bears both a procedural and a substantive burden. *In re Patterson*, 392 B.R. 497, 503 (Bankr. S.D. Fla. 2008), *citing In re Haman*, 366 B.R. 307, 312 (Bankr. D. Del. 2007) ("For a debtor to successfully demonstrate a special circumstance, he must fulfill both the procedural and substantive requirements of section 707(b)(2)(B).") To satisfy the procedural requirements of the statute a debtor is required to "itemize each additional expense or adjustment of income and . . . provide . . . (I) documentation for such expense or adjustment to income; and (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable." 11 U.S.C. § 707(b)(2)(B)(ii). Additionally, a debtor must "attest under oath to the

7

accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required." 11 U.S.C. § 707(b)(2)(B)(iii).

In *Patterson*, the court found that the debtors had satisfied the procedural requirements of § 707(b)(2)(B)(ii) and (iii) because they submitted sworn affidavits stating the balance due on their loans, monthly payment amounts, and how the loans were used. *In re Patterson*, 392 B.R. at 503. Similarly, in *In re Pageau,* 383 B.R. 221, 225 (Bankr. D. N.H. 2008), the debtors presented to the court evidence on the balance of the loan, the interest rate and the amount of the monthly payment. They also supplied the court with copies of the loan documents and with evidence demonstrating that the debtor had obtained a loan consolidation several years before she filed her bankruptcy petition. The court determined that the information included in her verified statement, her offer of proof at the hearing and the stipulation of facts submitted by the parties were sufficient to meet the procedural requirements for establishing special circumstances.[3]

In the within case, the UST asserts that Debtor cannot satisfy his procedural burden under the statute because he failed to provide "documentation for" his student loan expense as required by § 707(b)(2)(B)(ii)(I) and, as a consequence, also failed to attest to the accuracy of such documentation as required by § 707(b)(2)(B)(ii)(II). Debtor responds that he did provide the requisite documentation and attestation when he completed and verified his Form 22A. I cannot agree with Debtor's implied assertion that the information required in Form 22A meets the

---

[3]*See also In re Zahringer* 2008 WL 2245864, 5 (at the very least "special circumstances" itemization should be set forth in a written response to either a motion to dismiss or an objection to confirmation); *In re Champagne*, 389 B.R. at 195 (debtor did not comply with the procedural requirements of § 707(b)(2)(B) but UST effectively waived them and agreed to submit the case as purely an issue of law). In the instant case, the UST has not waived the procedural prerequisites of § 707(b)(2)(B)(i) - (iv).

standard set forth in § 707(b)(2)(B)(ii) - (iv). "In interpreting a statute, courts should endeavor to give meaning to every word which Congress used and therefore should avoid an interpretation which renders an element of the language superfluous." *Idahoan Fresh v. Advantage Produce, Inc.*, 157 F.3d 197, 202 (3d Cir. 1998), *citing United States v. State of Alaska,* 521 U.S. 1, 117 S.Ct. 1888, 1918 (1997); *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.,* 517 U.S. 544, 550, 116 S.Ct. 1529, 1533 (1996). *All* chapter 7 debtors, not just those seeking to show special circumstances under § 707(b)(2)(B)(i), are compelled to complete and verify Form 22A. *See* Fed. R. Bankr. P. 1007(b)(4), To allow Debtor's Form 22A to serve as the requisite documentation and attestation for special circumstances would render § 707(b)(2)(B)(ii) and (iii) surplusage. Further, Form 22A does not incorporate the explicit requirements of statute, which requires *documentation* of expenses. Accordingly, I conclude that a debtor seeking to prove "special circumstances" to avoid a § 707(b) dismissal must file or introduce into the record verified documentation, independent of his schedules and Form 22A, to prove the *bona fide* existence and terms of student loan debt.[4]

In sum, Debtor has satisfied none of the procedural requirements imposed by § 707(b)(2)(B)(ii) and (iii). He has filed no itemization of his student loans or documentation to establish their *bona fides*. Obviously, he has also failed to attest under oath to the accuracy of such information. Having opted to submit the case on brief, Debtor has failed to provide even a modicum of evidence to establish special circumstances. Accordingly, Debtor has failed to carry

---

[4]In *In re Wagner*, 2008 WL 706616 (Bankr. D. Neb. 2008) a debtor submitted a sworn affidavit in support of his allegation of special circumstances. The court found that his affidavit sufficiently itemized and documented his student loan expense, but that it was insufficient to show that the expense is "necessary and reasonable." Under § 707(b)(2)(B)(i)(II), documentation submitted by a debtor must perform all of these functions.

9

Case 1:08-bk-01856-MDF    Doc 35    Filed 12/12/08    Entered 12/16/08 09:35:16    Desc
Main Document    Page 9 of 10

his burden to rebut the presumption of abuse established by the calculation of the means test on Form 22A. Therefore, the UST's motion to dismiss will be sustained. An order will be entered allowing Debtor twenty (20) days in which to convert his case to chapter 13 before the case will be dismissed.

By the Court,

*Date: December 12, 2008*

Bankruptcy Judge

This document is electronically signed and filed on the same date.